STATE OF WEST VIRGINIA

**FILED**

July 6, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SPARTAN MINING COMPANY,**
**Employer Below, Petitioner**

**vs.)  No. 16-0674** (BOR Appeal No. 2051042)
(Claim No. 2007213119)

**DAVID WAYNE LUSK,**
**Claimant Below, Respondent**

### MEMORANDUM DECISION

Petitioner Spartan Mining Company, by Sean Harter, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. David Wayne Lusk, by Reginald D. Henry, his attorney, filed a timely response.

The issue on appeal is whether Mr. Lusk is eligible to receive a permanent total disability award. This appeal originated from the March 3, 2013, claims administrator's decision denying the application for a permanent total disability award. In its January 6, 2016, Order, the Workers' Compensation Office of Judges reversed the decision and granted a permanent total disability award with an onset date of February 11, 2008. The Board of Review's Final Order dated June 24, 2016, affirmed the Order of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Lusk, a former coal miner, has suffered several injuries over the course of his thirty-two years of employment. His most recent injury resulted in a total bilateral knee replacement surgery performed on January 2, 2007. Mr. Lusk subsequently filed this claim for a permanent total disability award. Mr. Lusk underwent several independent medical evaluations and functional capacity evaluations to determine whether he was permanently and totally disabled.

1

On June 6, 2007, physical therapist Paula Gallimore performed a functional capacity evaluation of Mr. Lusk. Ms. Gallimore found that Mr. Lusk was functioning at or around the light physical demand level with both material and non-material handling tolerances. For non-material tolerances, Mr. Lusk demonstrated the ability to sit on an occasional basis and perform standing, walking, bending, stooping, and squatting on a rare basis. According to the key on the report, an "occasional" basis is defined as ranging from fifty-three minutes to two hours and forty-two minutes per eight hour work day while "rare" is defined as ranging from five minutes to fifty-two minutes per eight hour work day.

On June 18, 2007, Caroline Williams, M.D., performed a functional capacity evaluation of Mr. Lusk. Dr. Williams found that Mr. Lusk retained the capacity to work at the medium exertional level. She noted that Mr. Lusk demonstrated the ability to stand, walk, and sit with normal breaks for a total of six hours in an eight hour day. Dr. Williams also determined that Mr. Lusk demonstrated the frequent ability to stoop and kneel and occasionally climb, balance, stoop, crouch, and crawl. Dr. Williams did not believe Mr. Lusk's allegations were credible as his alleged symptoms and subsequent disability were disproportionate to the medical evidence.

On March 17, 2008, Mr. Lusk underwent a permanent total disability independent medical evaluation performed by Prasadarao Mukkamala, M.D. Dr. Mukkamala determined that Mr. Lusk had reached maximum medical improvement in regard to his compensable injuries and assigned a combined rating of 49.7% whole person impairment. It was Dr. Mukkamala's determination that Mr. Lusk was limited to a sedentary type of occupation at a minimum. However, after the claims administrator provided additional information, Dr. Mukkamala amended his impairment assessment and found Mr. Lusk to have a combined total of 51.7% whole person impairment. Dr. Mukkamala continued to opine that Mr. Lusk could perform work at the sedentary level.

Mr. Lusk underwent a permanent total disability independent medical evaluation performed by Bruce Guberman, M.D., on October 8, 2009. Dr. Guberman found that Mr. Lusk had reached maximum medical improvement in regard to his compensable injuries and assigned an impairment rating of 63%. Dr. Guberman did not believe Mr. Lusk could return to his prior employment. Additionally, based on age, education, and work history, it was Dr. Guberman's opinion that Mr. Lusk was permanently and totally disabled as a direct result of the combined effects of his compensable injuries and any vocational rehabilitation would be futile.

On May 16, 2011, the Office of Judges found that Mr. Lusk met the requisite whole person impairment threshold necessary for further consideration of a permanent total disability award. On February 7, 2012, Erin Saniga, a qualified rehabilitation provider, performed a vocational evaluation. Ms. Saniga concluded that Mr. Lusk was capable of performing sedentary level work. She pointed to the functional capacity evaluation performed by Ms. Gallimore and Dr. Mukkamala's independent medical evaluations as proof, as they had also made that determination. Ms. Saniga performed a labor market survey, which revealed approximately thirteen jobs she believed were compatible with Mr. Lusk's functional and vocational abilities.

As a result, Ms. Saniga opined that Mr. Lusk was not permanently and totally disabled, although a brief training program focusing on computer basics and typing skills was recommended.

Wells Fargo, the responsible carrier in this claim, issued findings on December 17, 2012, through its Permanent Total Disability Reviewing Board. In its initial findings, the Board concluded that based on the evidence, Mr. Lusk was able to engage in substantial gainful employment and recommended that his application for a permanent total disability award be denied. The Board reaffirmed this recommendation in its Final Recommendation issued on March 13, 2013. The claims administrator subsequently denied Mr. Lusk's application for a permanent total disability award.

On April 30, 2013, Arthur Smith, P.T., performed a functional capacity evaluation. The results indicated Mr. Lusk was capable of performing work at the sedentary physical demand level on a part-time basis. Mr. Lusk demonstrated the ability to sit, stand, and walk on an occasional basis and perform minimal bending, reaching, and squatting. He was unable to perform any kneeling, crawling, or climbing of ladders or scaffolds. In conclusion, Mr. Smith opined that Mr. Lusk is not capable of performing any full-time work on an eight hour per day, five day per week basis at any level, including sedentary.

On July 9, 2013, Robert Walker, M.D., performed an independent medical evaluation and ultimately found Mr. Lusk had a combined total of 56% whole person impairment for all of his compensable conditions. In an addendum, Dr. Walker opined that it was impossible for Mr. Lusk to pursue substantial gainful employment. On January 31, 2014, Casey Vass, a qualified rehabilitation provider, authored a vocational evaluation report. Mr. Vass concluded that Mr. Lusk was unable to engage in substantial, gainful employment at any exertional level on a full-time basis. He noted that Mr. Lusk's inability to walk without a cane or walker eliminated all light, medium, and heavy jobs. Mr. Vass further stated that Mr. Lusk's need to elevate his legs above heart level any time he sits for longer than twenty minutes effectively eliminated any desk jobs. Mr. Vass also concluded that Claimant was not a candidate for vocational rehabilitation.

Arthur Lilly, M.S., authored a functional capacity evaluation report on January 22, 2015. Mr. Lilly concluded Mr. Lusk demonstrated negligible material handling tolerance on the testing date, which was less than one pound on an occasional basis due to physiological and biomechanical safety end points. Mr. Lusk was unable to protect himself during dynamic lifting and his heart rate progressed to 150 beats per minute, which exceeded Mr. Lilly's safety limit. Mr. Lilly concluded Mr. Lusk did not show potential for part-time or full-time work place tolerance.

Investigator John Henry was hired by the employer to surveil Mr. Lusk. Mr. Henry authored a report on June 29, 2015, that showed Mr. Lusk was capable of driving a vehicle and walking with the assistance of a cane. Mr. Lusk was able to drive from Charleston, West Virginia to Beckley, West Virginia without stopping.

Dr. Mukkamala authored another independent medical evaluation report on June 30, 2015. Dr. Mukkamala disagreed with the findings of Mr. Smith and Mr. Vass. Specifically, Dr.

Mukkamala disagreed with Mr. Vass's statement that Mr. Lusk had to elevate his legs above heart level if he sits for longer than twenty minutes. Dr. Mukkamala questioned Mr. Lusk about elevating his legs at home and Mr. Lusk responded that he does so because it offers him comfort in relation to his back. Dr. Mukkamala concluded that Mr. Lusk should be able to perform work at a sedentary level.

On January 6, 2016, the Office of Judges reversed the claims administrator's decision and granted Mr. Lusk a permanent total disability award with an onset date of February 11, 2008. The Office of Judges began its reasoning by explaining that for a claimant to receive a permanent total disability award, he must establish that he is unable to engage in substantial gainful activity requiring skills or abilities which can be acquired or which are comparable to any gainful activity in which he has previously engaged with some regularity over a substantial period of time. Mr. Lusk is currently sixty years old and has previously been awarded approximately 56% in permanent partial disability awards. The Office of Judges found that Mr. Lusk does not retain the functional capacity to perform any type of full-time work. Particularly persuasive were the most recent functional capacity reports of Mr. Smith and Mr. Lilly, both of which found that Mr. Lusk was unable to continue working in any capacity.

The Office of Judges found that the functional capacity evaluations of Ms. Gallimore and Dr. Williams were not persuasive as they contained some inconsistencies. First, Ms. Gallimore found that Mr. Lusk could work at a sedentary level, yet her calculations regarding physical and time limitations did not add up to a full-time work schedule. Also, Dr. Williams's report found that Mr. Lusk could work at the medium exertional level, which has not been found by any other professional in this claim. The Office of Judges additionally declined to accept Dr. Mukkamala's findings because he did not perform a functional capacity evaluation, nor was he certified to perform such an evaluation. Dr. Mukkamala based his findings on one time instances in his appointment with Mr. Lusk that the Office of Judges did not find were sufficient to prove that Mr. Lusk could handle a full-time work schedule. Like Dr. Mukkamala's observations, Mr. Henry's surveillance only showed a single occasion and did not prove that Mr. Lusk can perform sedentary level work on a full-time basis.

The Office of Judges was also unpersuaded by Ms. Saniga's opinion that Mr. Lusk could return to gainful employment as her findings were contrary to the weight of the evidence. Rather, the Office of Judges found that Mr. Vass's vocational evaluation correctly determined that Mr. Lusk was unable to return to work and was not a candidate for vocational rehabilitation. These findings were also supported by the independent medical evaluations performed by Dr. Guberman and Dr. Walker. The Office of Judges concluded that Mr. Lusk does not retain the residual functional capacity to perform even sedentary level work on a full-time basis.

Regarding an onset date, the Office of Judges noted that West Virginia Code §23-4-6(j)(5) (2003) states that the onset date of permanent total disability benefits may not be sooner than the date upon which the claimant meets the percentage thresholds of prior permanent partial disability awards. The Office of Judges determined that Mr. Lusk first filed a permanent total disability application on December 6, 2007, which showed Mr. Lusk had already been awarded over 50% in prior permanent partial disability awards. Unfortunately, Mr. Lusk filed with the

4

incorrect carrier. He subsequently filed with Wells Fargo, the carrier in this claim, on February 11, 2008. The Office of Judges determined that the appropriate onset date in this claim is February 11, 2008, the date on which Mr. Lusk properly completed the permanent total disability application with the responsible carrier in the claim. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on June 24, 2016.

We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The evidence of record sufficiently proves that Mr. Lusk is incapable of returning to gainful employment in any capacity as a direct result of his prior compensable injuries. Further, Mr. Lusk is not a candidate for a vocational rehabilitation program. In addition, Mr. Lusk has shown he was awarded over 50% in prior permanent partial disability awards as early as December 6, 2007. Thus, the correct onset date in this claim is the date on which he correctly filed his application for benefits, February 11, 2008.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 6, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker